## STATE v. JOHNSON.

No. 5105. Decided March 25, 1932. (9 P. [2d] 186.)

*W. B. Higgins,* of Fillmore, and *E. J. Pickett,* of St. George, for appellant.

*Geo. P. Parker,* Atty. Gen., and *L. A. Miner,* Deputy Atty. Gen., for the State.

CHERRY, C. J.

Defendant was accused of breaking into a store in St. George, in the nighttime, with intent to commit larceny therein. He was tried before a jury and convicted of burglary in the second degree, and sentenced by the court to an indeterminate term in the state prison, from which judgment he has appealed. Numerous alleged errors occurring at the trial are assigned.

At the outset of the trial the defendant challenged the whole panel of jurors in attendance upon the grounds that the original drawing had been attended by but two persons instead of three. The challenge was disallowed. Comp. Laws 1917, § 3610, provides that the county clerk shall draw the jurors, after previous notice to the county attorney and county treasurer of the day and hour when such drawing will take place, and that

"at the date so appointed, it shall be the duty of such officers to attend at the clerk's office to witness such drawing, and if any two of such officers shall attend at the time and place appointed, the clerk shall proceed in their presence to draw the jurors. If two of the officers so notified do not appear, the clerk shall adjourn the drawing * * * until the next day, and shall, by written notice, require any justice of the peace to attend such drawing on the adjourned day."

The next section of the statute (3611) prescribes the manner of drawing the jurors, requiring, among other things, that the clerk shall shake the box so as to thoroughly mix the slips of paper upon which the names of the jurors are written, and then publicly draw out of the box so many of said slips as shall be required; that a minute of the drawing be kept by one of the attending officers, in which shall be entered the names contained on every slip of paper so drawn

before any other such slip shall be drawn; providing that, if the name of any person shall appear to have been drawn who is dead or insane, or who has removed from the county to the knowledge of the clerk or any other attending officer, or who is exempt from such service, an entry be made of such fact in the minute of the drawing, the slip containing such name be destroyed and another name drawn in place thereof; and that the minute of the drawing be signed by the clerk and the attending officers and filed in the clerk's office.

Comp. Laws Utah 1917, § 3612, provides that, if during any term of the district court any additional jurors shall be necessary, the same shall be drawn from the box by the sheriff or his deputy in open court.

It appeared that in Washington county the offices of county clerk and county treasurer had been consolidated by authority of Comp. Laws Utah 1917, § 1452, and, at the time of the drawing of the jurors in question, the two offices were held by one person. The drawing of the jurors was conducted by the county clerk in the presence of but one other person, viz., the county attorney, who attended and participated therein. It also appeared that, subsequent to the drawing of jurors by the county clerk, numerous jurors had been excused, and an additional drawing of jurors as authorized by Comp. Laws Utah 1917, § 3612, had been conducted by the sheriff in open court. At the time of the challenge to the panel, attention of defendant's counsel was called to this subsequent drawing, but, without making it appear that any of the jurors drawn by the county clerk were in attendance, he submitted his challenge to all in attendance, contending that, by reason of the irregularity of the county clerk, both the drawing by him and the subsequent additional drawing by the sheriff in open court were invalid and illegal.

Thus the challenge was submitted to and decided by the trial court. We perceive no error in disallowing the challenge. From the record it does not appear that any juror

drawn by the county clerk was called to act in this case, or was even in attendance upon the court at the ▉ time of trial. Assuming that a challenge to the panel drawn by the county clerk was well taken, no reason is given or seen why the subsequent panel drawn by the sheriff in open court was objectionable. Under the record in this case, the challenge could not be allowed where no valid objections were made to the last drawing in open court.

Numerous assignments of error are predicated upon the exclusion of evidence offered by the defendant.

Two officers testified that on the night of the alleged burglary they went into the store described in the information through a side door and saw a man in the rear of the store, who upon their approach went out through a back door. The officers hurriedly ran out the side door and to the back of the store and pursued a man seen running away, whom they soon overtook and arrested and found to be the defendant. They searched him and found concealed on him a black-jack and a pistol. The defendant denied being in the store, but claimed that earlier in the evening he had hidden a bottle of whisky under the steps behind the store, and that, when the officers came, he was there to get his whisky, and, fearing that he might be caught with whisky, he ran from the officers. He said he was carrying the pistol on account of trouble he was having with another man over his (defendant's) wife.

Efforts to prove the details of the defendant's family trouble which was excluded by the court furnish the basis for a dozen or more assignments of errors for excluding evidence. Some of the questions to which objections were sustained were objectionable as not cross-exam- ▉ ination, others as calling for hearsay evidence, and all of them were wholly irrelevant and immaterial. A witness for the state was asked on cross-examination if he had not had certain conversations with a man whom the defendant accused of alienating his wife's affections. The defendant's mother was asked if defendant and his wife "lived happily

together;" if any knowledge came to her that defendant's wife "was being enticed away from him;" if she noticed any difference in defendant's appearance, and in the conditions of his family life with his wife; whether defendant's wife left him; whether "she heard anything of any threats being communicated to defendant with regard to his safety because some person was interfering with his family life." The defendant was asked, before the third man "came into your family life, did you have a happy home with your babies?" and a love letter purporting to have been written to the defendant's wife by the intruder was offered in evidence. While objections to the foregoing questions and offers were sustained by the court, the defendant was permitted to testify that he had trouble with another man who was interfering with his family life and that he was carrying a pistol on that account. We perceive no errors in the rulings of the court on this subject.

Another assignment is that error was committed in permitting the sheriff to testify that the defendant while in his custody voluntarily stated that he did not want to employ an attorney and that "I am willing to take my medicine and get through with it." Upon motion of defendant's counsel, this evidence was stricken out by the court.

Other assignments are that the court erred in failing to instruct the jury what the penalty was for the crime charged, and that the county attorney, who counsel for defendant now asserts was not a member of the bar, was permitted to participate in the trial as associate counsel for the prosecution. Both are groundless. The jury had no authority to prescribe the punishment for the crime charged, and no error was committed in failing to inform them of the penalty provided by law. I Blashfield's Inst. to Juries, § 411, p. 901. The statute (Comp. Laws Utah 1917, § 1610) makes it the duty of the county attorney, at the request of the district attorney, to assist him in the prosecuion of public offenses. Whether the county attorney

was a member of the bar or not is a matter which concerns the court, and not parties litigant. The appeal has no merit.

The judgment is affirmed.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.